1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUIS MANUEL LANDEROS CASTRO,   )   Case No. CV 06-2836 DSF(JC)
                       Petitioner,   )
                               )   ORDER ADOPTING
                               )   FINDINGS, CONCLUSIONS,
             v.             )   AND RECOMMENDATIONS
                               )   OF UNITED STATES
MIKE EVANS, Warden,           )   MAGISTRATE JUDGE
                       Respondent.   )
                               )
_____

       Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of
Habeas Corpus by a Person in State Custody (the "Petition") and all of the records
herein, including the attached Report and Recommendation of United States
Magistrate Judge ("Report and Recommendation"), petitioner's objections to the
Report and Recommendation ("Objections"), and the Declaration of Kathryn A.
Young ("Young Declaration") with attached exhibits submitted in connection with
the Objections.[1]  The Court has further made a *de novo* determination of those
portions of the Report and Recommendation to which objection is made.  The

_____

[1]The Court exercises its discretion to consider the Young Declaration and the attached
exhibits.  See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (district court has
discretion to consider supplemental evidence presented for the first time in a party's objection to
a magistrate judge's report and recommendation), cert. denied, 534 U.S. 831 (2001).

1   Court concurs with and adopts the findings, conclusions, and recommendations of

2   the United States Magistrate Judge and overrules the Objections.[2]

3       Petitioner contends that the trial court violated several of his constitutional

4   rights when it denied his mid-trial request for a reasonable continuance.

5   (Objections at 2-22).  At trial, Alejandro Esparza ("Esparza") testified that

6   petitioner had been placed with Esparza in two different holding tanks while

7   waiting to testify at petitioner's second trial, and that petitioner had essentially

8   threatened Esparza in order to dissuade him from implicating petitioner at trial.

9   (Objections at 3-4; RT 268-72).  Petitioner alleges that on the same day the jury

10   reached a verdict, the defense investigator was able to obtain statements from three

11   inmates who allegedly had been in one of the tanks with Esparza and petitioner but

12   had not heard petitioner make the alleged threats.  (Objections at 4-5).  The

13   gravamen of petitioner's arguments in the Objections is that admission of

14   Esparza's testimony as to petitioner's alleged threats was so prejudicial that the

15   trial court constitutionally erred when it denied petitioner a "reasonable"

16   continuance of "three business days" to permit defense counsel to investigate and

17   present rebuttal evidence, specifically the statements from the three inmates.

18       Petitioner's conclusion that he is entitled to federal habeas relief, however,

19   rests on several flawed assumptions.  First, the record does not support petitioner's

20   assertion that Esparza's testimony about the alleged threats was the "only

21   difference" between a hung jury at petitioner's first trial and a conviction at the

22   second.  As petitioner recognizes, at petitioner's first trial, Esparza refused to

23   answer any of the prosecutor's questions, so the prosecution presented evidence of

24   petitioner's involvement in the shooting, in part, by introducing a tape recording

25

26       [2] The Court notes the following minor typographical errors:  (1) p. 5, ln. 15: "on" should

27   be "in"; (2) p. 8, ln. 23: "204" should be "203"; (3) p. 9, ln. 23 should read "RT 211, 212, 253 . .

28   ."; (4) p. 16, ln. 20: "1159" should be "1359"; (5) p. 17, ln. 14: "courts'" should be "court"; and
     (6) p. 21, lns. 2 and 3: the brackets should be deleted as this is not an alteration.

1  and transcript of Esparza's oral statement to the police and a copy of Esparza's

2  signed written statement.  (RT 203-06; Petitioner Luis Manuel Landeros Castro's

3  Additional Briefing (Docket No. 39) at 3-4).  At petitioner's second trial, Esparza

4  gave live testimony which included specific details about petitioner's involvement

5  in the crime, and a statement that he had declined to answer the prosecutor's

6  questions at the first trial because he had feared retaliation from petitioner.  (RT

7  171-206).

8          Second, the record also does not support petitioner's assertion that testimony

9  based on the statements from the three inmates who were allegedly with petitioner

10  and Esparza in the holding tanks would necessarily refute Esparza's testimony

11  about petitioner's alleged threats.  As the Report and Recommendation correctly

12  explains, even if these witnesses testified that they did not hear petitioner make the

13  alleged threats, such testimony would not have established that the threats were

14  never made.[3]  (Report and Recommendation at 17-18, 19 n.7).  Even so, as the

15  Magistrate Judge correctly noted, given the damaging and specific nature of

16  Esparza's testimony about petitioner's involvement in the crime, and the fact that

17  defense counsel had used other effective methods to attack Esparza's credibility

18  and to refute his testimony of intimidation, the failure to permit collateral

19  impeachment on the issue of the alleged threats was unlikely to have impacted the

20  jury's decision.  (Report and Recommendation at 19-20).

21          Finally, even assuming, for purposes of analysis, that testimony based on the

22  post-trial statements obtained from the three inmates may have impeached

23  Esparza's credibility and/or refuted his testimony about petitioner's alleged threats,

24  _____

25          [3]Petitioner implies that the inmates' statements that they did not hear petitioner threaten
26  Esparza do establish that the threats were never made since, as Esparza testified, the alleged
   threats were so loud and persistent that, had they actually been made, anyone present must have
27  heard them.  (Objections at 2-5).  Petitioner's argument, however, is based on, among other
   things, an untenable characterization of Esparza's testimony and ignores the minimal probative
28  value of such statements, particularly given impeachment considerations.

1   petitioner does not establish that the trial court's denial of a continuance violated

2   his constitutional rights.  Contrary to petitioner's suggestion, whether the denial of

3   a continuance was arbitrary or unreasonable – and thus violated due process – is

4   determined from the circumstances evident at the time of the denial, not from later

5   developments or with the benefit of hindsight.  See Ungar v. Sarafite, 376 U.S.

6   575, 589 (1964) ("There are no mechanical tests for deciding when a denial of a

7   continuance is so arbitrary as to violate due process.  The answer must be found in

8   the circumstances present in every case, particularly in the reasons presented to the

9   trial judge *at the time the request is denied*.") (emphasis added).

10          Here, as detailed in the Report and Recommendation, when petitioner

11  requested a continuance at trial, the possibility that an investigation regarding the

12  alleged threats would have revealed any valuable information was speculative, and

13  counsel declined to provide any estimate regarding the amount of time that would

14  have been needed to conduct the proposed investigation.  (Report and

15  Recommendation at 17-19).  In light of the record before the trial court at the time,

16  the trial court's denial of petitioner's request for a continuance was not arbitrary or

17  unreasonable.

18          Similarly, petitioner's other claims of constitutional error lack merit since

19  they rely primarily on the same flawed assumptions the Court rejects above.  Even

20  so, as detailed in the Report and Recommendation, petitioner fails to demonstrate

21  that any constitutional violation, to the extent one occurred at all, had a substantial

22  and injurious effect on the jury's verdict.  (Report and Recommendation at 20-24).

23          In short, petitioner fails to demonstrate that the trial court's denial of the

24  request for continuance and the California appellate courts' affirmance of such a

25  determination were objectively unreasonable.

26          IT IS HEREBY ORDERED that Judgment be entered denying the Petition

27  and dismissing this action with prejudice.  Petitioner's renewed requests for

28  discovery and for appointment of new counsel are denied.

1   ///
2   ///

1    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the

2  Report and Recommendation, and the Judgment herein on counsel for petitioner

3  and respondent.

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

5          2/7/11

6  DATED: _____

7

8

9                    _____

10                   HONORABLE DALE S. FISCHER
                     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6